UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| CARLA K., | : | |
| | : | |
| Plaintiff, | : | Case No. 3:23-cv-290 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | |
| Defendant. | : | |

**ENTRY AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC. NO. 13); ADOPTING, IN FULL, THE REPORT AND RECOMMENDATIONS (DOC. NO. 12); AND, TERMINATING THIS CASE ON THE COURT'S DOCKET**

This Social Security disability benefits appeal is currently before the Court on Plaintiff's Objections to the Magistrate Judge's Report and Recommendations ("Objections") (Doc. No. 13). Plaintiff Carla K. ("Plaintiff") challenges Magistrate Judge Peter B. Silvain, Jr.'s Report and Recommendations (the "Report") (Doc. No. 12), wherein Magistrate Judge Silvain recommended affirming Defendant's decision to deny Plaintiff's application for social security disability benefits. (Doc. No. 13 at PageID 915-16.)

In particular, this case involves Plaintiff's protective application for disability insurance benefits ("DIB"), which was lodged while she awaited what would ultimately be an unfavorable decision regarding an earlier application for DIB. (Doc. No. 12 at PageID 896.) After Plaintiff's prior unsuccessful application for DIB—and, in keeping with the principle of *res judicata*—the Administrative Law Judge ("ALJ") in this case was tasked with assessing Plaintiff's claims of disability for a brief 96-day window of time. (*Id.* at PageID 905.) On September 26, 2022, the

ALJ issued an unfavorable agency decision, denying Plaintiff's protectively filed application for DIB.  (Doc. No. 7-2 at PageID 37-56.)  Defendant's Appeals Council denied agency review of the ALJ's unfavorable decision on August 8, 2023.  (*Id.* at PageID 24-28.)  Plaintiff then brought this action on October 2, 2023 (Doc. No. 5), and filed Plaintiff's Statement of Errors (Doc. No. 8) on January 9, 2024.

On July 31, 2024, Magistrate Judge Silvain issued his Report.  (Doc. No. 12.)  Plaintiff timely submitted her Objections on August 8, 2024, and Defendant filed Defendant's Response to Plaintiff's Objections to the Magistrate Judge's Report and Recommendations (Doc. No. 14) on August 13, 2024.  As such, this matter is now ripe for review and decision.

If a party objects within the allotted time to a United States magistrate judge's report and recommendation, then the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).  Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*  The Court "may also receive further evidence or recommit the matter to the magistrate judge with instructions."  *Id.*  Regarding appeals from decisions of the Social Security Administration, the Court's "review of the ALJ's decision is limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence."  *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009).  In this vein, an ALJ's "rote recitation of" an incorrect legal standard may be forgiven so long as the correct legal standard is actually applied.  *See Gooden v. Comm'r of Soc. Sec.*, No. 23-3927, 2024 U.S. App. LEXIS 13711, at *11, 2024 WL 2830817, at *4 (6th Cir. June 4, 2024).

2

Plaintiff offers a brief objection to the Report. (Doc. No. 13 at PageID 915-17.) Namely, Plaintiff contends Magistrate Judge Silvain erred in finding that that the ALJ in her case gave her protectively filed application for DIB a "fresh look," as required by *Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929 (6th Cir. 2018). (*Id.* at PageID 916.) She argues that the ALJ in her case not only recited the wrong legal standard, but that, pursuant to the wrong legal standard, the ALJ also improperly adopted findings made in Plaintiff's previous unsuccessful application for DIB. (*Id.*)

The Court has made a *de novo* review of the record in this case regarding whether the ALJ afforded Plaintiff's application a "fresh look." 28 U.S.C. § 636(b)(1). *Early's* "fresh look" standard is rooted in the principal of fairness to the applicant. *Ferrel v. Berryhill*, No 1:16-CV-00050, 2019 U.S. Dist. LEXIS 79390, 2019 WL 2077501, *5 (E.D. Tenn. May 10, 2019). Though, a fresh look does not mean a blind one. *See Earley*, 893 F.3d at 933-34. Indeed, an applicant who brings a subsequent claim for DIB who fails to produce new and material evidence "should not have high expectations about success . . .." *Id.* "What's past will likely be precedent in that setting—as indeed it should be in a system designed to apply the law consistently to similarly situated individuals." *Id.*

The ALJ in this case did arguably state the incorrect legal standard when he referred to Plaintiff's prior unfavorable decision as binding. (Doc. No. 7-2 at PageID 41.) However, the Court finds that the ALJ here did not actually apply an incorrect legal standard when reviewing Plaintiff's application. Rather, the ALJ conducted a thorough and unburdened review of Plaintiff's application for DIB, only referring to Plaintiff's previous unfavorable decision when necessary. As Magistrate Judge Silvain stated, Plaintiff, offered the ALJ in this case practically no new and material evidence to go on. (Doc. No. 12 at PageID 905-06.) To provide a complete, fair, and consistent review of Plaintiff's application, the ALJ had little choice but to consider findings made

3

in Plaintiff's prior unfavorable decision. Thus, in agreement with Magistrate Judge Silvain's Report, the Court finds that Plaintiff's application for DIB did in fact receive a fresh look and the ALJ's decision in this case is affirmed.

Accordingly, Plaintiff's Objections to the Magistrate Judge's Report and Recommendations (Doc. No. 13) are **OVERRULED**. The Court **ACCEPTS** the findings and recommendations made by the magistrate judge, **ADOPTS** the Report and Recommendations (Doc. No. 12), and rules as follows:

1. The Commissioner's decision is **AFFIRMED**; and
2. The Clerk is directed to **TERMINATE** this case on the Court's docket.

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, September 6, 2024.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE